IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 17 2005
J.T. NOBLIN, CLERK
BY_____ DEPUTY

DONNA CARR                                                                     PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:05cv233LGRHW

UNITED STATES OF AMERICA                                              DEFENDANT

## COMPLAINT

COMES NOW Donna Carr, through her undersigned attorneys, and files this her Complaint for damages of and from the United States of America under the provisions of the Federal Tort Claims Act, and in support hereof would respectfully show the following:

I.

Plaintiff's claim arises out of an act or acts of negligence by an agent of the United States of America while acting within the scope of his employment. Under the laws of the United States of America, this Court has original and exclusive jurisdiction of the parties and the subject matter herein pursuant to 28 U.S.C. §§ 1346 and 2671, et. seq.

II.

Process may be had upon the Defendant by personally serving Stephen R. Graben, Assistant United States Attorney, 808 Vieux Marche, Second Floor, Biloxi, Mississippi 39530, and by mailing a certified copy to the Honorable Alberto Gonzales, United States Attorney General, Department of Justice, 10th and Pennsylvania Avenue, Washington, D.C. 20535.

III.

The administrative claim and amended claim, required by the Federal Tort Claims Act was heretofore filed on behalf of the Plaintiff on or about April 4, 2001, and the appropriate

federal agency denied this claim by letter of April 8, 2005. This suit is filed within the time prescribed by law.

IV.

On or about the 28th of March, 2000, the Plaintiff went to the Veterans Administration Hospital in Biloxi, Mississippi, for treatment of female problems, where she was seen by a Dr. Bouis, an employee of the Defendant. The doctor asked the Plaintiff if she had hot flashes and she answered in the affirmative. He then asked her if she wanted him to give her medication for this and she yes, if it would help. He stated that he would give her a new birth control pill because it contained hormones. In response, the Plaintiff asked if it would be safe to take this pill and he said that it was 100% safe and at no time stated or alluded to the fact that she should discontinue smoking or that her age was a factor. Actually, she told him that she was a heavy smoker and lived with a smoker, as her medical records at the Veteran's Administration did reflect. Dr. Bouis then prescribed Lo/Ovral 28, a prescription medication, which Plaintiff took as directed after having it filled. She began having leg pains, shortness of breath and chest pains and was later taken to the emergency room at Providence Hospital in Mobile, Alabama; she was transferred from Providence to the V.A. Hospital in Biloxi for further treatment after having suffered a pulmonary embolism. Actually, the PDR on Lo/Ovral 28 states that "cigarette smoking increases the risk of serious adverse effects on the heart and blood vessels...." which was not told to Plaintiff by the prescribing physician, Dr. Bouis, and nowhere in her medical records is such an admonition or warning reflected.

V.

At the time that this prescription was given to Plaintiff and she began taking it she was forty-three (43) years of age and a heavy cigarette smoker, which increased the risk of serious

2

adverse effects in the heart and blood vessels. As stated, none of this was told to plaintiff by the above physician, and nowhere in her medical records is there any notation of such a warning or admonition, because none was actually given.

VI.

The direct and proximate result of the negligence of the Administration doctor's aforesaid negligence, plaintiff has suffered the following painful and permanent injuries, sufferings and damages: a pulmonary embolism requiring hospitalization and treatment for her physical condition as well as severe aggravation of her underlying mental problems resulting in her becoming deeply depressed and introverted for an extended period of time. Plaintiff's physical pain symptoms consisted of chest pain, leg pain, loss of energy, unusual shortness of breath and trouble sleeping. In addition, plaintiff has incurred and will continue to incur medical expenses for necessary treatment of her injuries, including her hospitalization at Providence Hospital in Mobile, Alabama. In addition, plaintiff has suffered and will continue to suffer loss of earnings because of her above injuries. Plaintiff's injuries, sufferings and damages directly resulted from the doctor prescribing medication to plaintiff, a heavy smoker and over the age of 35 years, without warning her of the danger thereof, which fell below the standard of care required and thus constituted medical negligence.

WHEREFORE, Plaintiff brings this her suit against the Defendant and demands judgment of and from the Defendant for compensatory damages in an amount to be determined at trial, together with all interest and cost of this action.

Respectfully submitted this ___ of May, 2005.

DONNA CARR, PLAINTIFF

ATTORNEYS FOR PLAINTIFF:

BOBBY G. O'BARR, etc.

  Mississippi Bar #3897
  Post Office Drawer 580
  Ocean Springs, MS 39564
  Telephone: (228) 875-1234
  Facsimile: (228) 875-4553


WALTER L. NIXON, JR., etc.

  Mississippi Bar #3865
  993 Howard Avenue
  Post Office Box 409
  Biloxi, MS 39533
  Telephone: (228) 435-7733
  Facsimile: (228) 435-7737

BY: /s/ Walter L. Nixon Jr.
    WALTER L. NIXON, JR.