**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DONNA CARR** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:05CV233** |
| | § | |
| **UNITED STATES OF AMERICA** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER COMES BEFORE THE COURT for consideration of the Motion for

Summary Judgment [36] filed by Defendant United States of America (the "Government").

Plaintiff has filed a response, and the Government has replied.  After due consideration of the

submissions and the relevant law, it is the Court's opinion that the Government has shown it is

entitled to judgment as a matter of law.  The Motion for Summary Judgment will therefore be

granted.

DISCUSSION

Plaintiff's complaint asserts that she received substandard care for "female problems"

from Dr. Pierre J. Bouis at the Veterans Administration Hospital in Biloxi, Mississippi.  Dr.

Bouis allegedly prescribed Lo/Ovral 28, a birth control pill, to control hot flashes Plaintiff was

experiencing.  Plaintiff  informed Dr. Bouis that she was 43 years old and a heavy smoker, but

Dr. Bouis nevertheless told her that the pill would be "100% safe" for her.  Sometime later,

Plaintiff suffered a pulmonary embolism and other medical problems.  She asserts that Dr. Bouis

should not have prescribed Lo/Ovral 28 to her as a 43 year old heavy smoker, and his negligence

in doing so resulted in her subsequent medical condition.

"The Federal Tort Claims Act grants the District Courts jurisdiction of civil actions

against the United States 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Hess v. United States,* 361 U.S. 314, 345 (1960) (quoting 28 U.S.C. § 1346(b)).  There is no dispute that Dr. Bouis was performing within the scope of his employment with the Government when he allegedly rendered negligent care to the Plaintiff.  Nor is there any dispute that the Plaintiff has undertaken all administrative action necessary as a prerequisite to this suit.  *See* 28 U.S.C. § 2675 (requiring that a claimant against the United States have presented his or her claim to the appropriate administrative agency and received a final disposition of the claim from the agency before bringing a lawsuit).  Therefore, jurisdiction over this action is proper.

In actions brought pursuant to the Federal Tort Claims Act, the state law where the alleged negligence occurred is controlling.  *Marcum v. United States,* 621 F.2d 142, 144 (5th Cir. 1980).  The alleged negligence in this case occurred in Mississippi.  Under Mississippi law, "[i]n order to prevail in a medical malpractice action, a plaintiff must establish, by expert testimony, the standard of acceptable professional practice; that the defendant physician deviated from that standard; and that the deviation from the standard of acceptable professional practice was the proximate cause of the injury of which the plaintiff complains." *Austin v. Wells,* 919 So.2d 961, 966 (Miss. 2006) (citing *Brown v. Baptist Mem'l Hops. Desoto, Inc.,* 806 So.2d 1131, 1134 (Miss. 2002)).  As to the appropriate standard of practice to apply, "Mississippi physicians are bound to adhere to nationally recognized standards of care and have a duty to exercise reasonable

and ordinary patient care." *Young v. Univ. of Miss. Med. Ctr.,* 914 So.2d 1272, 1276

(Miss.Ct.App. 2005) (citing *Palmer v. Biloxi Reg. Med. Ctr. Inc.,* 564 So.2d 1346, 1354 (Miss.

1990)). Expert testimony must be proffered to establish both the standard of care and causation.

*See Barner v. Gorman,* 605 So.2d 805, 808-09 (Miss.1992) ("Not only must this expert

[testimony] identify and articulate the requisite standard that was not complied with, the expert

[testimony] must also establish that the failure was the proximate cause, or contributing cause, of

the alleged injuries").

 The Government submitted as Exhibit "A" a two-sentence letter written to Plaintiff's

former attorney by Alan L. Joffe, M.D.  Dr. Joffe stated that he had reviewed Plaintiff's medical

records, and concluded:

> It is my opinion that prescribing the birth control pill, LO/OVRAL, for the
> treatment of abnormal uterine bleeding in a 43 year-old heavy cigarette smoker is
> below the minimally acceptable standard of care.

Exh. "A" to Def. Mtn Summ. Judg.  This letter is the extent of Plaintiff's evidence, and it fails to

establish either the standard of care or causation.  Plaintiff has not identified and articulated the

requisite standard that was not complied with, nor has she shown that the Lo/Ovral medication

was the proximate cause, or contributing cause, of her alleged injuries.

 Furthermore, the Government provides the written opinion of J. Kell Williams, M.D.

which discusses what is currently understood about the interplay between age, smoking, birth

control pills and pulmonary emboli.  Exh. "B" to Def. Mtn Summ. Judg.  Dr. Williams concludes

that "prescribing a birth control pill to a women [sic] over the age of 35 who smokes does not

increase her risk of a pulmonary embolism any more than if she were a non-smoker." *Id.*, pg. 2.

It was his opinion that Dr. Bouis did not deviate from the standard of care in the treatment of the

Plaintiff, and that Dr. Bouis "had the right to believe Ms. Carr when she stated she understood the risks of taking birth control pills and committed to immediate smoking cessation." *Id.*

In examining a motion for summary judgment, the Court should resolve factual controversies in favor of the non-movant - if there is an actual controversy. "[T]hat is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court may not, however, "in the absence of any proof, assume that the non-moving party could or would prove the necessary facts." *Id.*

It is the Court's opinion that the Government has carried its initial summary judgment burden of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Plaintiff has failed to provide any evidence showing that she will be able to prove the necessary facts of her case. The Government is therefore entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [36] filed by Defendant United States of America is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 21th day of February, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE